

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-26-00024-CV
_____


IN THE INTEREST OF S.H., A.H., AND A.H., CHILDREN



On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 25C0229-CCL



Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

The Department of Family and Protective Services filed a petition to terminate Mother's parental rights to her children, Sally, Amy, and Allie.[1] The trial court terminated Mother's parental rights after finding that (1) she "knowingly placed or knowingly allowed the children to remain in conditions or surroundings [that] endanger[ed their] physical or emotional well-being," (2) she "engaged in conduct or knowingly placed the children with persons who engaged in conduct [that] endanger[ed their] physical or emotional well-being," (3) she "constructively abandoned the children," (4) she had a mental illness or deficiency that rendered her incapable of providing for the children's needs until adulthood, and (5) termination of Mother's parental rights was in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (b)(2) (Supp.), § 161.003(a).

On appeal, Mother does not challenge the trial court's findings supporting the termination of her parental rights. Rather, in her sole point of error on appeal, Mother argues that the trial court abused its discretion by denying her oral motion to continue the trial date. Because we find no abuse of discretion in the trial court's decision to proceed to trial, we affirm the trial court's judgment.

## I.     Standard of Review

"A trial court's decision to grant or deny a motion for continuance is within the trial court's discretion." *In re A.R.*, No. 06-22-00065-CV, 2023 WL 1769269, at \*14 (Tex. App.—Texarkana Feb. 6, 2023, no pet.) (mem. op.) (quoting *In re J.D.*, No. 06-18-00105-CV, 2019 WL

---

[1] We use pseudonyms to protect the identities of the minor children. *See* TEX. R. APP. P. 9.8.

1302932, at *6 (Tex. App.—Texarkana Mar. 22, 2019, no pet.) (mem. op.)); *see Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). "We are not to substitute our judgment for the trial court's [judgment] . . . ." *In re A.R.*, 2023 WL 1769269, at *14 (quoting *In re J.D.*, 2019 WL 1302932, at *6). For this reason, "[w]e will sustain the trial court's ruling absent a finding that 'the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable.'" *In re A.B.*, 646 S.W.3d 83, 92 (Tex. App.—Texarkana 2022, pet. denied) (quoting *In re R.F. III*, 423 S.W.3d 486, 490 (Tex. App.—San Antonio 2014, no pet.) (quoting *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007))).

## II.     Factual and Procedural Background

The Department's allegations and the evidence at trial shows that Mother's youngest child died when he was eight months old after Mother placed him in "very hot water" and failed to treat the child's resulting injuries, which caused "a slow death." Because of their brother's death, Sally, Amy, and Allie were removed from Mother.

This matter was initially set for trial on January 15, 2026. On January 12, Mother filed an unverified motion to continue the case, which alleged that Mother had undergone a competency evaluation for pending criminal charges for manslaughter and injury to a child, was found incompetent to stand a criminal trial and committed to a mental-health facility on September 29, 2025. Mother did not indicate in her motion for continuance the nature of her mental illness. On the date of trial, the Department also made an oral request for a continuance. The trial court granted the unopposed continuance and appointed Mother a guardian ad litem.

3

Because the dismissal date for the case was scheduled for March 9, 2026, the trial court reset the trial date for February 19, 2026.

On February 19, the Department announced ready for trial. Mother's counsel and guardian ad litem moved for a continuance, arguing that their "client [wa]s . . . , as far as [they] kn[e]w, still in a mental institution based on incompetency." They also argued that they were not provided with full discovery. The Department stated that it had filed all "items of evidence the Department [wa]s planning to produce."

The trial court took judicial notice of its file, "notice[d] there was no written verified motion for continuance," found that the State was only seeking to introduce evidence that "was previously provided to the parties," and denied Mother's motion to continue.

## III. The Trial Court Did Not Abuse its Discretion by Denying a Continuance

"Rule 251 of the Texas Rules of Civil Procedure requires a motion for continuance to be in writing and 'supported by an affidavit.'" *In re A.R.*, 2023 WL 1769269, at *14 (quoting *In re T.C.H.*, No. 06-16-00054-CV, 2016 WL 7175291, at *6 (Tex. App.—Texarkana Dec. 8, 2016, no pet.) (mem. op.) (quoting TEX. R. CIV. P. 251)). "If a party's motion for continuance is not made in writing and verified, then we will presume the trial court did not abuse its discretion." *Id.* (quoting *In re J.D.*, 2019 WL 1302932, at *7).

The record shows that there was no verified motion to continue the February 19, 2026, trial date. As a result, the trial court found that Mother failed to comply with Rule 251. *See* TEX. R. CIV. P. 251. Because the trial court's decision was based on guiding rules and principles, we will not disturb it, especially since the trial court had no evidence that Mother could regain

4

competence before the trial court's dismissal deadline of March 9. *See In re A.R.*, 2023 WL 1769269, at \*14; *In re T.T.*, 39 S.W.3d 355, 361 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing TEX. R. CIV. P. 251; *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)).[2]

Also, "[t]he absence of a party to a proceeding is not an adequate ground for a continuance unless the party shows that . . . its absence resulted in prejudice." *In re T.M.*, No. 02-09-00145-CV, 2009 WL 5184018, at \*6 (Tex. App.—Fort Worth Dec. 31, 2009, pet. denied) (mem. op.); *see In re K.M.*, No. 02-01-00349-CV, 2003 WL 2006583, at \*2 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.) ("A trial court is not required to grant a motion for continuance merely because a party is unable to attend trial."). Where, as here, a parent's motions for continuance failed to show the materiality of the absent parent's testimony, a denial of continuance is not prejudicial. *In re T.M.*, 2009 WL 5184018, at \*6 (citing TEX. R. APP. P. 44.1(a)).

Further, to the extent that Mother complains of the trial court's denial of the continuance based on discovery, Mother does not explain what discovery was outstanding or how she was harmed by the lack of discovery in light of the State's argument that it had already filed all "items of evidence" it intended to produce. Accordingly, we find no abuse of discretion in the trial court's decision to proceed to trial, and we overrule Mother's sole point of error.[3]

---

[2]"Parental competency is not a prerequisite to proceeding to trial under the Texas Family Code." *In re C.B.*, 659 S.W.3d 504, 510 (Tex. App.—Tyler 2023, no pet.). "To the contrary, a parent's mental illness may serve as a basis for involuntary termination of parental rights." *Id.* (citing TEX. FAM. CODE ANN. § 161.003).

[3]In the same point of error, Mother also appears to raise a new complaint in her brief that the trial court's denial of her continuance amounted to a due process violation because she was precluded from participating at trial. However, Mother never raised the issue of due process at trial, and, although not personally present, she did not request that she be allowed to participate by other means.

## IV.     Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     June 18, 2026
Date Decided:       June 26, 2026

---

Under Rule 33.1(a)(2) of the [Texas] Rules of Appellate Procedure, in order to present a complaint for appellate review, the record must reflect that the trial court "(A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule . . . and the complaining party objected to the refusal."

*In re A.B.*, 646 S.W.3d at 93 (quoting *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (quoting TEX. R. APP. P. 33.1(a)(2))). Mother's issue is the same as the one raised in *In re A.B.*, and, consistent with our decision in that case, we find that Mother has failed to preserve her due process complaint for our review. *See id.*

Even so, we note that Texas courts "consider (1) the private interest affected, (2) the risk of erroneous deprivation of that that interest, and (3) the government's interest" in matters of procedural due process. *In re C.B.*, 659 S.W.3d at 510. While a parent's private interest to their child is "far more precious than any property right," "children have a strong interest in a prompt final decision on termination." *Id.* at 511. Where a trial court appoints a guardian ad litem for an incapacitated parent, risk of erroneous deprivation is mitigated. *Id.* at 512. Finally, "[t]he goal of establishing a stable, permanent home for a child is a compelling government interest." *In re A.R.*, 2023 WL 1769269, at *15 (alteration in original).